IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


KATHERINE CAVANAUGH, a minor
child, by and through BRIAN
CAVANAUGH, Guardian Ad Litem,

       Plaintiff,

v.

PROVIDENCE HEALTH PLAN, an
Oregon nonprofit corporation,

       Defendant.

08-CV-1351-BR

OPINION AND ORDER


SAMUEL T. STANKE
1400 S.W. Montgomery Street
Portland, OR 97201
(503) 224-1127

       Attorney for Plaintiff

ARDEN J. OLSON
MARJORIE A. BERGER
Harrang Long Gary Rudnick, P.C.
360 E. 10th Avenue
Suite 300
Eugene, OR 97401-3273
(541)485-0220

       Attorneys for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Motion to Remand (#4).  For the reasons that follow, the Court **DENIES** Plaintiff's Motion.


## BACKGROUND

The following facts are taken from the Complaint:

On June 4, 2007, Plaintiff Katherine Cavanaugh suffered injuries in an automobile accident with a third-party.  Plaintiff received medical treatment, which was paid for in part by health insurance benefits provided by Defendant Providence Health Plan as a benefit of her mother's employment with Providence Health System Oregon.

On August 16, 2007, Defendant sent a letter to the third-party's insurance company in which Defendant, pursuant to Oregon Revised Statute § 742.534, demanded "direct insurer to insurer reimbursement" of any of Plaintiff's claims that were paid by Defendant.

On February 29, 2008, Defendant sent a second letter to the third-party's insurance company reiterating Defendant's formal demand for "direct insurer to insurer reimbursement" pursuant to § 742.534.

On May 22, 2008, Plaintiff filed an action in Multnomah County Circuit Court against the third-party and her auto insurer

2 - OPINION AND ORDER

for uninsured motorist benefits (UIM)(*Cavanaugh v. Geico Casualty Co.*, Case No. 0805-07549).  Plaintiff served Defendant with notice of the action on May 27, 2008.

On August 15, 2008, Plaintiff reached a tentative settlement with the third-party for the benefits available under the third-party's vehicle insurance policy.  On September 12, 2008, Plaintiff reached a tentative agreement with her auto insurer to settle her UIM claim for the maximum amount of UIM benefits available under her policy less the amount recovered from the third-party's insurer.

Before seeking the state court's approval of the settlements in *Cavanaugh v. Geico*, Case No. 0805-07549, Plaintiff asked Defendant to concede that it did not have a valid lien against the settlement amounts because it had elected direct reim-bursement under § 742.534 and it did not give written notice of its election to seek reimbursement by lien within 30 days of May 27, 2008 (the date Plaintiff served Defendant with notice of *Cavanaugh v. Geico*) as required by § 742.536.  Defendant refused to concede it did not have the right to assert a lien.

On October 28, 2008, Plaintiff filed a declaratory-judgment action in Multnomah County Circuit Court in which she sought a declaration that Defendant's lien on the amount Plaintiff has or will recover in *Cavanaugh v. Geico* is invalid because Defendant did not comply with § 742.536.  Plaintiff also sought a

3 - OPINION AND ORDER

declaration that the following provisions of Defendant's Plan are void and unenforceable under Oregon Revised Statute § 742.021 as "less favorable to the insured" than the applicable provisions of the Oregon Insurance Code:  (1) the portion of Defendant's policy that provides Defendant will pay for claims arising from Plaintiff's medical claims only after Plaintiff pays for the cost of treatment out of the settlement proceeds she receives from the insurance available from the third-party's insurance and (2) if Plaintiff has "medical bills after . . . a settlement, [Defendant] will not pay those bills until [Plaintiff's] settlement is exhausted."

On November 14, 2008, Defendant removed Plaintiff's declaratory-judgment action to this Court on the ground of complete preemption under § 1132(a)(1)(B) of the Employee Retirement Income Security Act (ERISA).

On December 8, 2008, Plaintiff filed a Motion to Remand this matter to Multnomah County Circuit Court on the ground that this matter is not completely preempted by ERISA, and, therefore, the Court lacks jurisdiction.

**STANDARDS**

Pursuant to 28 U.S.C. § 1441, an action filed in state court may be removed to federal court if the federal court would have had original subject-matter jurisdiction over the action.

4 - OPINION AND ORDER

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009)(citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). "The presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" *Id. (*quoting *Gaus*, 980 F.2d at 566).

"Ordinarily, determining whether a particular case arises under federal law turns on the 'well-pleaded complaint' rule," which provides:

> [W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute[,] . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the [complaint], unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004)(quotation omitted). Accordingly, "the existence of a federal defense normally does not create statutory 'arising under' jurisdiction and a defendant may not [generally] remove a case to federal court unless the *plaintiff's* complaint establishes that the case arises under federal law." *Id*. (quotations omitted; emphasis in

original).

> There is an exception, however, to the
> well-pleaded complaint rule.  "[W]hen a federal
> statute wholly displaces the state-law cause of
> action through complete pre-emption," the state
> claim can be removed.  *Beneficial Nat. Bank v.
> Anderson*, 539 U.S. 1, 8 (2003).  This is so
> because "[w]hen the federal statute completely
> pre-empts the state-law cause of action, a claim
> which comes within the scope of that cause of
> action, even if pleaded in terms of state law, is
> in reality based on federal law."

*Id*. at 207-8.

When a defendant asserts complete preemption as the basis

for removal, the court may examine the defendant's removal notice

and supporting affidavits to determine whether the plaintiff

presents a claim that, in fact, arises under federal law.  *See,

e.g., Stewart v. U.S. Bancorp*, 297 F.3d 953, 958 (9th Cir. 2003).


## DISCUSSION

As noted, Defendant removed this matter on the ground that

Plaintiff's claims are completely preempted by ERISA.  Plaintiff,

in turn, moves to remand the case to state court on the ground

that her claims are not preempted by ERISA.

## I.    ERISA Preemption

In *Aetna Healthcare*, the Supreme Court explained ERISA

preemption as follows:

> Congress enacted ERISA to "protect . . . the
> interests of participants in employee benefit
> plans and their beneficiaries" by setting out

6 - OPINION AND ORDER

substantive regulatory requirements for employee
benefit plans and to "provid[e] for appropriate
remedies, sanctions, and ready access to the
Federal courts." 29 U.S.C. § 1001(b).  The
purpose of ERISA is to provide a uniform
regulatory regime over employee benefit plans.
To this end, ERISA includes expansive pre-emption
provisions, *see* ERISA § 514, 29 U.S.C. § 1144,
which are intended to ensure that employee benefit
plan regulation would be "exclusively a federal
concern." *Alessi v. Raybestos-Manhattan, Inc.*,
451 U.S. 504, 523 (1981).

ERISA's "comprehensive legislative scheme"
includes "an integrated system of procedures for
enforcement." *Russell*, 473 U.S., at 147 (internal
quotation marks omitted).  This integrated
enforcement mechanism, ERISA § 502(a), 29 U.S.C.
§ 1132(a), is a distinctive feature of ERISA.

* * *

Therefore, any state-law cause of action that
duplicates, supplements, or supplants the ERISA
civil enforcement remedy conflicts with the clear
congressional intent to make the ERISA remedy
exclusive and is therefore pre-empted.  *See* 481
U.S. at 54-56; *see also Ingersoll-Rand Co. v.
McClendon*, 498 U.S. 133, 143-145 (1990).

542 U.S. at 208.

Under ERISA, an action is completely preempted only when a

plaintiff brings claims that "relate to" an ERISA plan within the

meaning of 29 U.S.C. § 1144(a) and are within the scope of

ERISA's civil-enforcement provision in 29 U.S.C. § 1132(a).

*Providence Health Plan v. McDowell*, 385 F.3d 1168, 1171 (9th Cir.

2004).  *See also Toumanjian v. Frailey*, 135 F.3d 648, 654 (9th

Cir. 1998).  Accordingly, "even if the district court [finds] the

Complaint contain[s] a state law claim that 'relates to' an ERISA

plan, and is thus preempted by § 1144(a), the complaint is not removable to the federal court unless it is also encompassed within ERISA's civil enforcement scheme [in § 1132(a)]." *Id*. at 655 (citations omitted).

## A. Section 1144(a).

ERISA's preemption provision provides ERISA shall generally "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title." 29 U.S.C. § 1144(a).

"Generally speaking, a common law claim relates to an employee benefit plan governed by ERISA if it has a *connection with* or *reference to* such a plan." *Providence Health*, 385 F.3d at 1172 (quotations omitted; emphasis added).

"In determining whether a claim has a 'connection with' an employee benefit plan, courts in [the Ninth Circuit] use a relationship test. Specifically, the emphasis is on the genuine impact that the action has on a relationship governed by ERISA, such as the relationship between the plan and a participant." *Id*. (citing *Abraham v. Norcal Waste Sys., Inc.*, 265 F.3d 811, 820-21 (9th Cir. 2001)). "In evaluating whether a common law claim has 'reference to' a plan governed by ERISA, the focus is whether the claim is premised on the existence of an ERISA plan, and whether the existence of the plan is essential to the claim's

8 - OPINION AND ORDER

survival.  If so, a sufficient 'reference' exists to support
preemption."  *Id.* (citations omitted).

**B.   Section 1132(a).**

ERISA's civil-enforcement provision provides in
pertinent part:  "A civil action may be brought . . . by a
participant or beneficiary . . . to recover benefits due to him
under the terms of his plan, to enforce his rights under the
terms of the plan, or to clarify his rights to future benefits
under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).

> This provision is relatively straightforward.  If
> a participant or beneficiary believes that
> benefits promised to him under the terms of the
> plan are not provided, he can bring suit seeking
> provision of those benefits.  A participant or
> beneficiary can also bring suit generically to
> "enforce his rights" under the plan, or to clarify
> any of his rights to future benefits.
>
> * * *
>
> It follows that if an individual brings suit
> complaining of a denial of coverage for medical
> care, where the individual is entitled to such
> coverage only because of the terms of an ERISA-
> regulated employee benefit plan, and *where no
> legal duty (state or federal) independent of ERISA
> or the plan terms is violated*, then the suit falls
> "within the scope of" ERISA § 502(a)(1)(B).  In
> other words, if an individual, at some point in
> time, could have brought his claim under ERISA
> § 502(a)(1)(B), and *where there is no other
> independent legal duty that is implicated by a
> defendant's actions*, then the individual's cause
> of action is completely pre-empted by ERISA
> § 502(a)(1)(B).

*Aetna Health*, 542 U.S. at 210 (citations omitted)(emphasis
added).

9 - OPINION AND ORDER

## II. Plaintiff's claim for declaratory judgment as to Oregon Revised Statute § 742.536.

In her first claim, Plaintiff seeks a declaration that Defendant's lien, which is based on the amounts Plaintiff has or will recover in *Cavanaugh v. Geico*, is invalid because Defendant did not comply with § 742.536.

Plaintiff asserts her claim as to § 742.536 is not preempted by § 1144(a) because it does not have "reference to" a plan governed by ERISA nor is it premised on the existence of an ERISA plan. In addition, the existence of an ERISA plan is not essential to the survival of Plaintiff's claim because, according to Plaintiff, her claim is premised solely on Defendant's failure to follow the provisions of Oregon's Insurance Code (specifically Oregon Revised Statute § 742.536) before seeking a lien on Plaintiff's settlement.

Oregon Revised Statute § 742.536(1) and (2) provide in pertinent part:

> (1) When an authorized motor vehicle liability insurer has furnished personal injury protection benefits, or an authorized health insurer has furnished benefits, for a person injured in a motor vehicle accident, if such injured person makes claim, or institutes legal action, for damages for such injuries against any person, such injured person shall give notice of such claim or legal action to the insurer by personal service or by registered or certified mail.
>
> (2) The insurer may elect to seek reimbursement as provided in this section for benefits it has so furnished, out of any recovery under such claim or legal action, if the insurer has not been a party

10 - OPINION AND ORDER

> to an interinsurer reimbursement proceeding with
> respect to such benefits under ORS 742.534 and is
> entitled by the terms of its policy to the benefit
> of this section.  The insurer shall give written
> notice of such election within 30 days from the
> receipt of notice or knowledge of such claim or
> legal action to the person making claim or
> instituting legal action and to the person against
> whom claim is made or legal action instituted.

The record reflects Defendant sent written notice of its
intent to enter into an interinsurer reimbursement agreement
under § 742.534 with the third-party's insurance company.  In
addition, it is undisputed that Defendant did not give written
notice of its election to seek a lien within 30 days from
Defendant's receipt of Plaintiff's notice of *Cavanaugh v. Geico*.
Thus, even if Defendant intended to assert a lien under its Plan,
§ 742.536 appears to prohibit Defendant from doing so unless
Defendant complied with the requirements of § 742.536.
Accordingly, the issue here is whether ERISA preempts § 742.536.

Defendant asserts ERISA preempts § 742.536 and relies on *FMC
Corporation v. Holliday*, 498 U.S. 52 (1990), to support its
position.  In *FMC*, the plaintiff was injured in an automobile
accident, and the defendant, a self-funded welfare-benefit plan,
paid a portion of the plaintiff's medical expenses.  498 U.S. at
55.  The plaintiff brought a negligence action in state court
against the other driver.  *Id*.  While the state action was
pending, the defendant notified the plaintiff that it would seek
reimbursement for the amounts it had paid for the plaintiff's

11 - OPINION AND ORDER

medical expenses pursuant to the terms of the benefit plan.   *Id*.
The plaintiff refused to reimburse the defendant on the ground
that the Pennsylvania Motor Vehicle Financial Responsibility Law
(MVFRL) precluded subrogation by the defendant.   *Id*.   The
defendant sought a declaratory judgment in federal court, and the
district court concluded the MVFRL prohibited the defendant from
exercising its subrogation rights.   *Id*. at 56.   The Third Circuit
affirmed the district court's conclusion that ERISA did not
preempt the MVFRL.   *Id*.   The Supreme Court, however, concluded
ERISA preempted application of the MVFRL in that case.   *Id*. at
65.   In so doing, the Court reasoned:

> Three provisions of ERISA speak expressly to the
> question of pre-emption:
>
> "Except as provided in subsection (b) of this
> section [the saving clause], the provisions of
> this subchapter . . . shall supersede any and all
> State laws insofar as they may now or hereafter
> relate to any employee benefit plan."  § 514(a),
> as set forth in 29 U.S.C. § 1144(a) (pre-emption
> clause).
>
> "Except as provided in subparagraph (B) [the
> deemer clause], nothing in this subchapter shall
> be construed to exempt or relieve any person from
> any law of any State which regulates insurance,
> banking, or securities."  § 514(b)(2)(A), as set
> forth in 29 U.S.C. § 1144(b)(2)(A) (saving
> clause).
>
> "Neither an employee benefit plan . . . nor any
> trust established under such a plan, shall be
> deemed to be an insurance company or other insurer
> . . . or to be engaged in the business of
> insurance . . . for purposes of any law of any
> State purporting to regulate insurance companies
> [or] insurance contracts."  § 514(b)(2)(B), 29

U.S.C. § 1144(b)(2)(B) (deemer clause).

*Id.* at 57.  The Court summarized these provisions as follows:

> The pre-emption clause . . . establishes as an area of
> exclusive federal concern the subject of every state
> law that "relate[s] to" an employee benefit plan
> governed by ERISA.  The saving clause returns to the
> States the power to enforce those state laws that
> "regulat[e] insurance," except as provided in the
> deemer clause.  Under the deemer clause, an employee
> benefit plan governed by ERISA shall not be "deemed" an
> insurance company, an insurer, or engaged in the
> business of insurance for purposes of state laws
> "purporting to regulate" insurance companies or
> insurance contracts.

*Id.* at 58.  The Court concluded the MVFRL had "reference to"

benefit plans governed by ERISA because the MVFRL provides in

pertinent part:

> In actions arising out of the maintenance or use
> of a motor vehicle, there shall be no right of
> subrogation or reimbursement from a claimant's
> tort recovery with respect to . . . benefits
> . . . paid or payable [by] . . . [a]ny program,
> group contract or other arrangement for payment of
> benefits [including] . . . benefits payable by a
> hospital plan corporation or a professional health
> service corporation.

*Id.* at 59 (quotations omitted).  The Court also concluded the

MVFRL had a "connection to" ERISA benefit plans because it

subjects plan administrators to conflicting state regulations;

specifically, it "prohibits plans from being structured in a

manner requiring reimbursement in the event of a recovery from a

third-party [and, therefore,] requires plan providers to

calculate benefit levels in Pennsylvania based on expected

liability conditions that differ from those in States that have

13 - OPINION AND ORDER

not enacted similar antisubrogation legislation." *Id*. at 59-60.
The Court, therefore, concluded the MVFRL "relates to" an ERISA
plan. *Id*. at 59.  The Court also concluded the MVFRL "falls
within ERISA's . . . saving clause" because "[i]t does not merely
have an impact on the insurance industry; it is aimed at it."
*Id*. at 61 (citation omitted).  Thus, the savings clause "returns
the matter of subrogation to state law[, and, therefore, the
MVFRL is not preempted]. . . [u]nless the statute is excluded
from the reach of the saving clause by virtue of the deemer
clause." *Id*.  Turning to application of the deemer clause, the
Court concluded the deemer clause "exempt[s] self-funded ERISA
plans from state laws that 'regulate insurance' within the
meaning of the saving clause . . . [and, therefore,] . . .
relieves [self-insured] plans from state laws purporting to
regulate insurance." *Id*.  The Court summarized:

> As a result, . . . State laws directed toward the
> plans are pre-empted because they relate to an
> employee benefit plan but are not "saved" because
> they do not regulate insurance.  State laws that
> directly regulate insurance are "saved" but do not
> reach self-funded employee benefit plans because
> the plans may not be deemed to be insurance
> companies, other insurers, or engaged in the
> business of insurance for purposes of such state
> laws.  On the other hand, employee benefit plans
> that are insured are subject to indirect state
> insurance regulation. . . .  The ERISA plan is
> consequently bound by state insurance regulations
> insofar as they apply to the plan's insurer.

*Id*.

      The Court recognized its decision "results in a distinction

14 - OPINION AND ORDER

between insured and [self-insured] plans, leaving the former open to indirect regulation while the latter are not," but noted it was "merely giv[ing] life to a distinction created by Congress in the 'deemer clause,' a distinction Congress is aware of and one it has chosen not to alter." *Id*. at 62 (quotation omitted). Because the plan at issue in *FMC* was self-insured and the MVFRL "related to" an ERISA plan, the Court concluded ERISA preempted application of the MVFRL, and, therefore, § 1144(a) of ERISA preempted the plaintiff's claim. *Id*. at 64.

Here, as noted, Defendant asserts Plaintiff's claim as to § 742.536 is preempted by ERISA under *FMC*.  In his Declaration, Mark Jensen, Director of Operations Support for Providence Health Plan, testifies Defendant is a self-funded or self-insured ERISA group.  Jensen Decl. at ¶ 4.  Accordingly, if Plaintiff's declaratory-judgment action regarding § 742.536 relates to the ERISA plan under which Plaintiff receives benefits, Plaintiff's claim involving § 742.536 is preempted by § 1144(a) of ERISA under *FMC*.

A state-law claim "relates to an employee benefit plan governed by ERISA if it has a *connection with* or *reference to* such a plan." *Providence Health*, 385 F.3d at 1172 (quotations omitted; emphasis added).  A claim "refers to" a plan governed by ERISA if the "claim is premised on the existence of an ERISA plan, and . . . the existence of the plan is essential to the

claim's survival," *id*., or it "act[s] immediately and exclusively upon an ERISA plan." *Abraham v. Norcal Waste Syst., Inc.*, 265 F.3d 811, 820 (9th Cir. 2001).

Here, however, Plaintiff's claim as to § 742.536 is not premised on the existence of an ERISA plan nor is the existence of the Plan essential to the survival of Plaintiff's claim. Instead, Plaintiff asserts Defendant failed to comply with the requirements for obtaining a lien under § 742.536, and, therefore, Defendant may not do so at this time.  To determine whether Defendant complied with the requirements of § 742.536 and whether compliance with § 742.536 is the only mechanism for obtaining a lien under state law, the Court is not required to review the Plan terms.  Although the statute in *FMC* prohibited self-funded health plans from seeking subrogation, § 742.536 merely requires insurers to provide notice "to the person making a claim" of their intention to seek a lien.  In addition, § 742.536 does not act immediately and exclusively on ERISA plans because it applies to a variety of insurers who might seek liens. Finally, Plaintiff's declaratory-judgment claim does not require any distribution of benefits.  *See Providence*, 385 F.3d at 1172. The Court, therefore, concludes Plaintiff's claim as to § 742.536 does not "refer to" an ERISA plan.

A state law has a connection with an ERISA plan if the state law risks "subjecting plan administrators to conflicting state

regulations." *FMC*, 498 U.S. at 59.  In *Abraham*, the Ninth

Circuit identified three traditional areas of preemption:

> [S]tate laws that: (1) mandate employee benefit
> structures or their administration; (2) bind
> employers or plan administrators to particular
> choices or preclude uniform administrative
> practice; and (3) provide alternative enforcement
> mechanisms to obtain ERISA plan benefits.

265 F.3d at 820, n.6 (citing *Rutledge v. Seyfarth, Shaw,*

*Fairweather & Geraldson*, 201 F.3d 1212, 1217 (9th Cir. 2000)).

Unlike the state law at issue in *FMC*, § 742.536 does not require

ERISA plan providers to calculate benefit levels in Oregon based

on expected liability conditions that differ from those in states

that have not enacted legislation requiring insurers to give

notice of their intention to seek a lien.  Similarly, § 742.536

does not frustrate plan administrators' obligations to calculate

uniform benefit levels nationwide.  Finally, § 742.536 does not

mandate employee-benefit structures, bind plan administrators to

particular choices, or provide alternative enforcement mechanisms

to obtain ERISA plan benefits.  The Court, therefore, concludes

§ 742.536 does not have "a connection with" an ERISA plan.

Because Plaintiff's claim as to § 742.536 does not have

"reference to" or a "connection with" an ERISA plan, the Court

concludes Plaintiff's claim as to § 742.536 is not "related to"

an ERISA plan, and, like the plaintiff's claim in *Providence*, is

"merely a claim [related to] reimbursement upon the third-party

settlement." *Id*.

17 - OPINION AND ORDER

Accordingly, the Court concludes Plaintiff's claim related to § 742.536 is not completely preempted under § 1144(a) of ERISA, and, therefore, it may not form the basis for removal of the action to this Court.

## III. Plaintiff's claim for declaratory relief as to Oregon Revised Statute § 742.021.

In her second claim, Plaintiff seeks a declaration that the following provisions of Defendant's Plan are void and unenforceable under Oregon Revised Statute § 742.021 as "less favorable to the insured" than the applicable provisions of the Oregon Insurance Code:  (1) the portion of Defendant's policy that provides Defendant will pay for claims arising from Plaintiff's medical claims only after Plaintiff pays for the cost of treatment out of the settlement proceeds she receives from the insurance available from the third-party's insurance and (2) if Plaintiff has "medical bills after . . . a settlement, [Defendant] will not pay those bills until [Plaintiff's] settlement is exhausted."

Defendant's Plan provides in pertinent part:

> The Plan may recover money from a third party, usually an insurance carrier, who may be responsible for paying for your treatment for an illness or injury.  The Plan may sue in your name, if necessary.
>
> By accepting membership in the Plan, you make an agreement with us – if you receive a settlement for an illness or injury, you must pay us back for the cost of your treatment.

18 - OPINION AND ORDER

* * *

> Before you accept any settlement, you must let us
> know the terms, and tell the third party that we
> have an interest in the settlement.  <u>If you have
> medical bills after your (sic) receive a
> settlement, we will not pay those bills until your
> settlement is exhausted</u>.

* * *

> Oregon law requires motor vehicle liability
> policies to provide primary medical payment
> insurance.  When coverage is available from motor
> vehicle liability insurance, the Plan will be
> entitled to recover the cost of services provided.
> Also, we will cover the cost of services in excess
> of those covered by the motor vehicle insurance
> per Plan guidelines.  The Plan's right to recover
> the amounts it pays is described above.

(Emphasis in original).  Oregon Revised Statute § 742.021(1)

provides in pertinent part:

> Insurance policies shall contain such standard or
> uniform provisions as are required by the
> applicable provisions of the Insurance Code.
> However, the insurer may at its option substitute
> for one or more of such provisions corresponding
> provisions of different wording approved by the
> Director of the Department of Consumer and
> Business Services which are in each instance not
> less favorable in any respect to the insured or
> the beneficiary.

**A.    Section 1144(a).**

As to preemption under § 1144(a), a claim "refers to"

ERISA if the "claim is premised on the existence of an ERISA

plan, and . . . the existence of the plan is essential to the

claim's survival" (*Providence Health*, 385 F.3d at 1172) or it

"act[s] immediately and exclusively upon an ERISA plan" (*Abraham*,

19 - OPINION AND ORDER

265 F.3d at 820).  A claim has a "connection with" an ERISA plan
if adjudication of the claim requires the court to interpret the
plan.  *Providence Health*, 385 F.3d at 1172.

Plaintiff's claim as to the allegedly less favorable
provisions of the Plan refers to an ERISA plan because it is
premised on the existence of such a plan.  Specifically,
§ 742.021 requires that the terms of insurance policies cannot be
less favorable to the insured than provisions of the Oregon
Insurance Code.  To decide Plaintiff's claim would require a
comparison of the terms of Plaintiff's ERISA Plan to the
requirements of the Oregon Insurance Code and a determination as
to whether the terms of the Plan are "less favorable."
Plaintiff's claim as to § 742.021 also has a connection with an
ERISA plan because adjudication of this claim would require the
Court to interpret the terms of the Plan and to compare them to
the requirements of the Oregon Insurance Code.  Thus, the Court
concludes Plaintiff's claim as to the allegedly "less favorable"
provisions of the Plan is preempted under § 1144(a) of ERISA,
and, therefore, it may form the basis for removal of the action
to this Court if it also falls within ERISA's civil-enforcement
provision (29 U.S.C. § 1132(a)).  *See Toumajian*, 135 F.3d at 654
("The mere facts that ERISA preemption under § 1144(a) . . . is
. . . a defense does not confer jurisdiction or authorize
removal.").

20 - OPINION AND ORDER

**B.    Section 1132(a).**

Section 1132(a)(1)(B) provides in pertinent part:  "A civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." "This provision is relatively straightforward.  If a participant . . . believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits.  A participant or beneficiary can also bring suit generically to . . . clarify any of his rights to future benefits."  *Aetna Health*, 542 U.S. at 210.

"[I]f an individual, at some point in time, could have brought his claim under ERISA § [1132](a)(1)(B), and . . . there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § [1132](a)(1)(B)."  *Id*.

Defendant asserts Plaintiff's claim as to the allegedly less favorable provisions of the Plan is preempted because Plaintiff is seeking to clarify her rights to future benefits under the Plan.  Plaintiff, in turn, asserts her claim as to the allegedly less favorable provisions of the Plan is not preempted by § 1132 because she seeks to have a portion of the Plan declared void on the ground that it is less favorable than the

21 - OPINION AND ORDER

policy provisions prescribed in the Oregon Insurance Code rather than seeking to clarify her rights under the Plan.

Defendant notes the Ninth Circuit has not decided whether claims that seek to invalidate an ERISA plan's lien on third-party recoveries based on a provision of state law fall under § 1132(a).  The Fifth and Third Circuits, however, have addressed this issue and concluded § 1132(a) applies to such claims, and, therefore, such claims are completely preempted by ERISA.

In *Arana v. Oschsner Health Plan*, the plaintiff was injured in a car accident with a third-party, and the defendant paid medical benefits under the terms of an employer-sponsored health plan.  33 F.3d 433, 435 (5th Cir. 2003).  The plaintiff brought an action in state court asserting tort claims against the third-party and ultimately settled with the third-party's insurance companies.  *Id*.  The defendant contended it had a right to subrogation of the plaintiff's state-law claims and to reimbursement of benefits that it paid for the plaintiff's medical care to the extent that the plaintiff was compensated by the other insurers.  *Id*.  The plaintiff brought an action against the defendant in state court for declaratory judgment "requiring [the defendant] to release its notice of lien and to withdraw . . . [its] subrogation [and] reimbursement . . . claims because LA. REV. STAT. § 22:663 bars [the defendant] from asserting these

22 - OPINION AND ORDER

rights." *Id*.  The defendant removed the action to federal court

on the ground that ERISA completely preempted the plaintiff's

claims.  *Id*. at 436.  The Fifth Circuit held the plaintiff's

claim was completely preempted under § 1132(a)(1)(B), and,

therefore, removal was proper.  *Id*. at 440.  The Fifth Circuit

reasoned

> [the plaintiff's claim could be] fairly
> characterized either as a claim to recover
> benefits due to him under the terms of his plan or
> as a claim to enforce his rights under the terms
> of the plan [because] [a]s it stands, [the
> plaintiff's] benefits are under something of a
> cloud, for [the defendant] is asserting a right to
> be reimbursed for the benefits it has paid for his
> account.  It could be said, then, that although
> the benefits have already been paid, [the
> plaintiff] has not fully "recovered" them because
> he has not obtained the benefits free and clear of
> [the defendant's] claims.  Alternatively, one
> could say that [the plaintiff] seeks to enforce
> his rights under the terms of the plan, for he
> seeks to determine his entitlement to retain the
> benefits based on the terms of the plan.

*Id*. at 438.  The Fifth Circuit expressly rejected the plaintiff's

assertion that his claim was not preempted by ERISA "because he

claim[ed] entitlement to relief under Louisiana law, not under

the terms of his ERISA plan."  *Id*.

In *Wirth v. Aetna U.S. Healthcare*, the plaintiff was

injured in an automobile accident caused by a third-party.  469

F.3d 305 (3d Cir. 2006).  The defendant paid for his medical

treatment under a healthcare agreement issued by the defendant.

*Id* at 307.  The plaintiff subsequently settled with the third-

23 - OPINION AND ORDER

party, and the defendant asserted a subrogation lien to recover funds from the settlement. *Id*. The plaintiff filed a class action in state court in which he alleged, among other things, that the defendant's actions violated Pennsylvania's MVFRL. *Id*. The defendant removed the action to federal court on the ground that the plaintiff's claim was preempted under § 1132(a)(1)(B) of ERISA. *Id*. The district court held the plaintiff's claims were preempted and removal was proper. The Third Circuit affirmed the district court's conclusion on the ground that the plaintiff's action was one to recover benefits under an ERISA plan because the plaintiff's benefits "are under something of a cloud" as the result of the actions of the defendant in asserting a right to be reimbursed for the benefits it paid to the plaintiff, which "resulted in diminished benefits provided to the plaintiff." *Id*. at 309.

The Court finds the reasoning of *Arana* and *Wirth* persuasive. Here, as in *Arana* and *Wirth*, Plaintiff's benefits are under a cloud because even though Defendant has paid some benefits, Plaintiff has not fully recovered them because she has not obtained them free and clear of Defendant's claims for reimbursement. Accordingly, Plaintiff's claim is one to recover benefits under an ERISA plan. Alternatively, the Court concludes Plaintiff seeks to enforce her rights under the terms of the Plan because she seeks a determination as to her entitlement to retain

the benefits based on the terms of the Plan.  Thus, the Court concludes Plaintiff's claim as to the allegedly "less favorable" provisions of the Plan is completely preempted under § 1132(a) of ERISA, and, therefore, removal of this action is proper.

In summary, the Court concludes Plaintiff's claim as to the allegedly less favorable provisions of the Plan meets both prongs of the preemption analysis under § 1144(a) and § 1132(a) of ERISA.  Accordingly, the Court concludes Plaintiff's claim is completely preempted by ERISA, and, therefore, the Court denies Plaintiff's Motion to Remand.

## **CONCLUSION**

For these reasons, the Court **DENIES** Plaintiff's Motion to Remand (#4).

IT IS SO ORDERED.

DATED this 13th day of April, 2009.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

25 – OPINION AND ORDER